IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAPA JOHN'S INTERNATIONAL, INC., )
)
        Plaintiff, )
)
v. ) No. 05 C 6894
)
ABDELHAMID CHAIB, et al., )
)
        Defendant. )

## MEMORANDUM ORDER

On January 27, 2006, at the initial status hearing in this action, counsel for certain of the defendants (who have self-designated themselves collectively as the "Newco Defendants" and the "Chaib Defendants") announced their intention to file an early motion for their dismissal from this action. This Court accordingly set a February 24 date for counsel for Papa John's International, Inc. ("Papa John's") to respond to that anticipated motion. Newco Defendants and Chaib Defendants have now filed not only the promised motion but another document, labeled as their Motion To Strike Immaterial and Scandalous Allegations from the Complaint.

This Court has reviewed the latter motion, and it is denied without calling for a response from Papa John's. It is quite true that Complaint ¶¶74 and 83 have some unpleasant things to say about Antoin Rezko (who, though not named as a defendant, is alleged to be closely involved with several of them) and defendant Abdelhamid Chaib, but those allegations are not

gratuitous--they relate instead, in a reasonable way, to Papa John's' claims against the various defendants.[1] Moreover, as to the current motion's contention that the offending allegations represent "a transparent attempt to prejudice the Newco and Chaib Defendants and wrongfully influence potential jurors," (1) the allegations surely do not prejudice this Court, (2) no jurors or potential jurors ever see the pleadings in this Court's cases and (3) any potential prejudice can be dealt with adequately as and when the case reaches the trial stage.

Accordingly the motion to strike is denied. Papa John's' Complaint will remain intact.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 2, 2006

---

[1] It is of course true that the 49-page 128-paragraph Complaint sets out a narrative that does not at all fit the "short and plain statement" standard set out in Fed. R. Civ. P. ("Rule") 8(a). But that practice is not only encountered with some degree of frequency in complex commercial litigation but, in this instance, it is also an obvious effort to comply with the more demanding "particularity" requirement of Rule 9(b).

2