IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAPA JOHN'S INTERNATIONAL, INC., )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   No.  05 C 6894
                                 )
ABDELHAMID CHAIB, et al.,        )
                                 )
            Defendant.           )

MEMORANDUM ORDER

Papa John's International, Inc. ("Papa John's") has noticed up for presentment on April 13 what its counsel have mischaracterized as a Fed. R. Civ. P. ("Rule") 59(e) motion for reconsideration of this Court's March 24, 2006 memorandum order ("Order"). Because the motion reflects a puzzling misconception of the Order and its underlying analysis, there is no need to await such presentment--instead it is denied now, so that Papa John's can go about its business as contemplated by the Order.

First, however, brief mention should be made of a procedural misperception that exists independently of the motion's substantive deficiency (although it makes no difference in the result). Because the Order expressly dismissed this action without prejudice, and because it just as expressly contemplated Papa John's reassertion of identical claims as part of its other and related pending action referred to in the Order as Papa John's I, it is not a final order that makes Rule 59(e) either relevant or potentially applicable (although our Court of Appeals

has reconfirmed that fundamental proposition of nonfinality in a number of cases since then, its seminal decision on that score is Horwitz v. Alloy Automotive Co., 957 F.2d 1431 (7th Cir. 1992)).

But that simply means that Papa John's could repackage its motion in a different (and this time appropriate) wrapper, so this memorandum order will turn to the substance of the motion. In that regard Papa John's counsel seems to operate on the premise that this Court credited what the defendants in this action asserted in their Reply Memorandum (to which Papa John's counsel had no opportunity to respond) and that such acceptance is what fueled the dismissal order. That view certainly cannot be gleaned from the Order, which reflected instead how the briefing on the motion to dismiss here had placed into sharp focus the relationship between Papa John's claims against Antoin Rezko and his affiliated entities in the earlier suit and its claims against the defendants in this action, who are alleged to have acted as "fronts" for Rezko in the claimed violations of Papa John's proprietary and contractual rights.

There is no reason that Papa John's cannot couple its RICO and other claims against the defendants in this action with its claims that assert different theories of recovery against Rezko and his related entities. On Papa John's own allegations, all of the claims against both sets of defendants stem from a common nucleus of operative facts, and in that respect Order at 4

specifically directed the attention of Papa John's counsel to the concept that has been "particularly well articulated in NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992)."[1] Amendment of the pleadings in Papa John's I should certainly pose no meaningful problem for Papa John's counsel, and there is also no reason why the already-filed briefs on the motion to dismiss in this action cannot simply be brought before Judge Moran without killing more trees.

Finally, it is truly ironic for Papa John's to complain about the lack of progress in Papa John's I--something that makes it more appropriate rather than less appropriate to link the claims (see this District Court's LR 40.4(b)(3) and (4), which had earlier appeared to stand in the way of reassignment of this action on relatedness grounds because of the difference in age between the two lawsuits). Now, with Papa John's I assertedly still being in the formative stage despite its considerably earlier filing date, it would certainly seem more likely that those provisions of the LR more aptly describe the actual

---

[1] Indeed, Papa John's counsel overreads the statement in Oak Park Trust & Sav. Bank v. Therkildsen, 209 F.3d 648, 651 (7th Cir. 2000) that "RICO does not provide a federal treble-damages action for breach of contract." If breaches of contract are also part of a pattern of racketeering, and if the other components of a RICO claim are present as well, the contract breaker may well be targeted under RICO (and see also 18 U.S.C. §1962(d), under which a contracting party who conspires to violate other subsections of the same statute may also be the subject of a civil action under 18 U.S.C. §1964(c)).

3

situation.

In sum, Papa John's mislabeled Rule 59(e) motion is denied. Its counsel's time can be spent more productively in following the course marked out at the conclusion of the Order.

                                                             /s/ Milton I. Shadur
                                       Milton I. Shadur
                                       Senior United States District Judge

Date:  April 7, 2006